UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FERNANDO SARMIENTO
VASQUEZ,

        Petitioner,

    v.

WARDEN MATTHEW MORDANT,
ACTING DIRECTOR-ICE TODD
LYONS, SECRETARY
MARKWAYNE MULLIN, ACTING
US ATTY GEN TODD BLANCHE,

        Respondents.

        Case No. 2:26-cv-1335-KCD-NPM

/

## **ORDER**

Petitioner Fernando Sarmiento Vasquez is a citizen of Mexico currently detained by U.S. Immigration and Customs Enforcement ("ICE"). He asks this Court to release him, arguing that his detention without a bond hearing violates the Immigration and Nationality Act and the Fifth Amendment. (Docs. 1, 12.)[1] As for relief, he seeks immediate release from custody or, alternatively, a bond hearing under 8 U.S.C. § 1226(a). (Doc. 1 at 11.)[2]

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] The habeas is not paginated, so the Court uses the page numbering generated by its electronic filing system.

Since filing the petition, Vasquez has received a bond hearing, which was denied. (*See* Doc. 9-2.) So the Government argues that this habeas petition is now moot. (Doc. 9.) The Court agrees, and here is why.

Article III of the Constitution limits federal courts to resolving actual, ongoing controversies. We do not issue advisory opinions, and we do not keep cases on the docket when the underlying dispute has evaporated. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). When Vasquez filed his petition, his only grievance was that he had been locked up with no mechanism for release. (Doc. 1.) The Government has since afforded Vasquez the very opportunity to contest his detention that he asked this Court to provide. (Doc. 9-2.) He has thus received process. And he reserved his right to appeal those decisions. (Doc. 9-2 at 2.)

The Court does not have jurisdiction to overturn the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e). And Vasquez has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See* 8 C.F.R. § 1003.19(e).

The Fifth Amendment claim, where Vasquez challenges the legality of his continued detention, also fails. Vasquez was detained on April 19, 2026. That is far short of the constitutional threshold in this context. *See Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199, 1217 (11th Cir. 2016) ("[T]here is little chance that a[n] . . . alien's detention is unreasonable until at least the six-month mark."). After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). And, in any event, Vazquez has been provided a bond hearing.

Because Vasquez has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on May 19, 2026.

Kyle C. Dudek
United States District Judge

3